IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE RICHARDS,

    Plaintiff,

  v.

WORLD SAVINGS, FSB; WACHOVIA MORTGAGE, FSB; WELLS FARGO BANK, N.A.; GOLDEN WEST; and NDEX WEST, LLC,

    Defendants.
                                    /

No. C 10-04818 WHA

**ORDER REMANDING ACTION TO STATE COURT**

      Defendants World Savings Bank, FSB; Wachovia Mortgage, FSB; Wells Fargo, N.A.; NDEX West, LLC; and Golden West removed this action based on an assertion of diversity jurisdiction. The notice of removal stated that Golden West is a California corporation but was fraudulently joined in this action by plaintiff George Richards. It further stated: "the facts establish that Golden West has never had any relationship with plaintiff (contractual or otherwise) and took no part in any of the actions of which plaintiff complains." Yet the notice of removal contained nothing in the record to support this claim. On November 15 defendants were ordered to show cause why this action should not be remanded to state court. Defendants' timely response to that order argues that plaintiff does not and cannot allege a plausible claim against Golden West. This order disagrees. For the reasons stated below, this action is **REMANDED** to the Marin Superior Court.

Plaintiff's complaint alleges that defendants violated the law through predatory lending and wrongful foreclosure. Specifically, the complaint alleges the following sixteen claims: (1) breach of fiduciary duty; (2) breach of the covenant of good faith and fair dealing; (3) deceit in violation of California Civil Code Sections 1709–10; (4) violation of California Business and Professions Code Section 17200; (5) promissory estoppel; (6) fraud by intentional misrepresentation; (7) fraud by concealment; (8) unjust enrichment; (9) quiet title; (10) violation of the California Rosenthal Act; (11) civil conspiracy; (12) declaratory relief; (13) rescission of void instrument; (14) accounting; (15) violation of California Code of Civil Procedure Section 2934; and, (16) injunctive relief.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, defendant has the burden of showing that diversity jurisdiction exists under 28 U.S.C. 1332 — namely, that plaintiff has different state citizenship from all properly named defendants. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

If a defendant establishes fraudulent joinder, the presence of a non-diverse or resident defendant will not defeat diversity jurisdiction. To prove fraudulent joinder, a defendant must show that "the plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant "need not show that the joinder of the non-diverse party was for the purpose of preventing removal" but must demonstrate instead "that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (Wilken, J.). Remand shall be granted unless the defendant can show that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Nickelberry v. DaimlerChrysler Corp.*, No. 06-1002, 2006 WL 997391, at *1 (N.D. Cal. 2006) (Chesney, J.).

2

Defendants contend that the complaint fails to state a claim against Golden West and they provide some evidence to support this assertion. This order, however, finds remand appropriate because even if the complaint fails to state any claims against Golden West, defendants have not shown that plaintiff would not be able to amend the complaint to allege any viable claim against Golden West under California law. *See also Dickinson v. Allstate Ins. Co.*, No. 09-1374, 2010 WL 366583, at *3 (C.D. Cal. 2010).

Defendants argue that a trustee for a deed of trust, such as Golden West, does not have the same potential for liability as a lender under California law, citing *Swanson v. EMC Mortg. Corp.*, No. 09-1507, 2009 WL 4884245, at *3 (E.D. Cal. 2009). This argument, however, does not show that plaintiff cannot state a claim against Golden West. For example, the complaint alleges, among other claims, breach of the covenant of good faith and fair dealing against all defendants, including Golden West. Specifically, the complaint alleges that *all* defendants willfully failed to disclose documents to plaintiff both before and after the origination of the loan in question. In *Swanson*, Judge O'Neill noted that in an action for wrongful foreclosure under California law, "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and amount of the default under the secured obligation, deed of trust, or mortgage." *Id.* at *5. Here, plaintiff alleges lack of good faith on behalf of all defendants, including Golden West. Defendants' assertions of good faith go to the factual allegations of Golden West's conduct and should not form the basis of a finding that they were fraudulently joined. While plaintiff *may* eventually fail to prove lack of good faith, this order cannot conclude that plaintiff has no possibility of stating a claim. Evaluating all of the factual allegations in the light most favorable to plaintiff, this order finds that defendants have not shown that there is no possibility that plaintiff can state a claim against Golden West. Thus, there is no fraudulent joinder and no diversity jurisdiction.

For the foregoing reasons, the Clerk shall **REMAND** this action to Marin Superior Court.

**IT IS SO ORDERED.**

Dated: December 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3